UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61100-CIV-COHN/SELTZER

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,

    Petitioner,

vs.

MATTHEW LYONS, et al.,

    Respondents.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Respondent Dwight Grant's Motion to Tax Costs (DE 111)[1] and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. For the reasons set forth below, the undersigned RECOMMENDS that the District Court GRANT the Motion.

Petitioner brought this action seeking a declaratory judgment of no coverage regarding an automobile insurance policy issued to Respondent Matthew Lyons after Lyons was involved in an automobile accident on May 19, 2007. Respondent Lyons filed a counterclaim for a declaration of coverage and for breach of contract. Three other Respondents, including Dwight Grant, answered Petitioner's Complaint.[2] Following a

---

[1] Neither the Petitioner nor any other party has responded to the motion, and the time for doing so has passed.

[2] Respondent Grant was a passenger in one of the vehicles involved in the May 19, 2007 accident. In his Answer, he asserted that the insurance policy at issue provided

September 22, 2008 bench trial, the District Court entered Final Judgment in favor of all Respondents (DE 110). Respondent Grant, as a prevailing party, is entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54. Rule 54(d) provides that costs shall be allowed of course to the prevailing party unless the Court otherwise directs. The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920. Although the decision to award costs is discretionary with the court, it may only tax those items specifically enumerated in § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The prevailing party has the burden of demonstrating that the costs it seeks come within the scope of § 1920. John G. v. Bd. of Educ. of Mount Vernon Public Sch., 891 F. Supp. 122, 122 (S.D.N.Y. 1995); Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994).

Respondent Grant first seeks costs in the amount of $479.45 for the deposition transcripts of Natalie Lamphere and Irna Lomano, the AIG claims adjusters who had contact with Respondent Lyons following the automobile accident. Under § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters of this section. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'") (quoting United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir.1963)). "The question of whether the costs for a deposition are taxable depends on

---

liability coverage to Respondent Lyons for the injuries he (Grant) suffered in the accident.

the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21.  "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982) (quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981)).  And depositions relied upon for summary judgment motions are taxable.  Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1572 (N.D. Ga. 1981), aff'd, 998 F.2d 1023 (11th Cir. 1993).  Here, both depositions were taken for discovery purposes and the deposition of Lamphere was used to support Respondent Grant's Motion for Summary Judgment.  Accordingly, Respondent Grant is entitled to costs in the amount of $479.45 for these deposition transcripts.

Respondent Grant additionally seeks costs for photocopying exhibits filed with the Court in support of his Response in Opposition to Petitioner's Motion for Summary Judgment and Cross-Motion for Summary Judgment (118 pages at $.35, totaling $41.30) and trial exhibits (412 pages at $.35 each, totaling $144.20).  Photocopying costs are taxable under § 1920(4) if they are "necessarily obtained for use in the case."[3]  See McGregor v. Board of County Comm'rs for Palm Beach Co., 130 F.R.D. 464, 465 (S.D. Fla. 1990) (Gonzalez, J.). The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that

---

[3] Respondent Grant's counsel avers that all photocopies were necessarily obtained for use in this case.  See Affidavit of Patricia M. Kennedy (DE 111-3).

3

it was necessary to copy the papers at issue." W&O, Inc., 213 F.3d at 623.  Clearly, the types of documents for which Respondent Grant seeks photocopying costs are generally necessary for use in a case – exhibits submitted to the Court in support of a summary judgment motion and exhibits submitted to the Court and counsel at trial.  See Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (holding that "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable"), aff'd, 914 F.2d 267 (11th Cir.1990) (table).  Moreover, the undersigned finds that the number of copies and the amount charged are reasonable.  Accordingly, Respondent Grant is entitled to $185.50 for photocopying costs.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that the District Court GRANT Respondent Dwight Grant's Motion to Tax Costs (DE 111) and award Respondent Grant costs in the total amount of $664.95 for deposition transcripts ($479.45) and photocopying charges ($185.50).

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley

<u>v. Johnson</u>, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 5th day of November 2008.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record and
unrepresented parties