UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61100-CIV-COHN/SELTZER

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,

    Petitioner,

vs.

MATTHEW LYONS, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Respondent, Matthew Lyons' Motion to Tax Costs and Attorney Fees (DE 112) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. For the reason set forth below, the undersigned RECOMMENDS that the District Court DENY the Motion.

Petitioner brought this action seeking a declaratory judgment of no coverage regarding an automobile insurance policy issued to Respondent Matthew Lyons after Lyons was involved in an automobile accident. Respondent Lyons filed a counterclaim for a declaration of coverage and for breach of contract. Following a September 22, 2008 bench trial, the District Court entered Final Judgment in favor of all Respondents (DE 110).

On October 10, 2008, Respondent Lyons filed a Motion to Tax Costs and Attorney Fees (DE 112). Pursuant to Fla. Sta. § 627.428 and Federal Rule of Civil Procedure 54, Respondent Lyons requests fees in the amount of $64,276 for time expended by the law

firm of Fazio, Disalvo, Cannon, Abers, Podrecca, Fazio & Carrol; he also requests that the Court multiply the total fee amount by a minimum of 1.5 "due to the contingent nature of the case."  Motion at 2 (DE 112).[1]  Lyons also seeks attorney's fees in the amount of $4,342.50 (9.65 hours x $450 an hour) for time expended by his former attorney, Thomas Grimmet.[2]  In addition to attorneys' fees, Respondent Lyons requests costs in the amount of $3,205.15.

Local Rule 7.3.A sets forth the requirements for filing a motion for attorney's fees and/or costs.  It provides in pertinent part:

> Any motion for attorneys fees and/or costs: (i) must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; (ii) must state the amount or provide a fair estimate of the amount sought; (iii) shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; (iv) describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identify the timekeeper(s); (v) shall describe in detail all reimbursable expenses; (vi) shall be verified; (vii) shall be supported by an affidavit of an expert witness; and (vii) shall be filed and served within thirty days of entry of a Final Judgment or other appealable order that gives rise to a right to attorneys fees and/or costs. Any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and the motion is well grounded in fact and justified. Prior to filing a motion for attorneys fees and costs, counsel shall confer with opposing counsel and make a certified statement in the motion in accordance with Local Rule 7.1.A.3

---

[1] In support of the requested contingency multiplier, Respondent has attached to his Motion an "Authority to Represent & Contract for Services."  Motion, Ex. A (DE 112-2).

[2] Attached to the Motion is a description of the activities performed by attorney Grimmett.  Motion, Ex. B (DE 112-3).

S.D. Fla. L.R. 7.3.A. Respondent Lyons' one and one-half page Motion fails to meet virtually every requirement of the Local Rule; it does little more than identify the relevant fee statute and provide the total amount of fees and costs requested. For that reason, the undersigned entered an Order (DE 115), directing that Respondent Lyons supplement his Motion by November 25, 2008, to comply with Local Rule 7.3.A; the Order detailed the information that should be supplied.

Although almost a month has passed since the date due, Respondent Lyons has yet to file his supplement to the Motion as ordered, and he has not requested an extension of time to do so. Without the most basic information, such as an itemization of the services rendered by counsel, the hourly rates sought, and an itemization of the costs expended, the undersigned is unable to determine a reasonable fee and/or cost award.[3] Accordingly, it is RECOMMENDED that Respondent, Matthew Lyons' Motion to Tax Costs and Attorney Fees (DE 112) be DENIED.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted

---

[3] Although an itemization of the activities performed by attorney Grimmet (Respondent Lyon's former attorney) is attached to the Motion, no further information is provided about Grimmet (such as his experience). The undersigned, therefore, cannot determine whether a $450 hourly rate is reasonable. Moreover, that itemization is part of an otherwise deficient fee motion. For example, the Motion is not verified, and it contains no statement that counsel have conferred in an attempt to resolve the matter, as required by the Local Rules.

or adopted by the District Judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

      DONE AND SUBMITTED at Fort Lauderdale, Florida, this 23rd day of December 2008.

                                                          BARRY S. SELTZER  
                                                         United States Magistrate Judge

Copies to:

Honorable James I. Cohn  
United States District Judge

All counsel of record and  
unrepresented parties